UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| WILLIAM J. VARELLAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 2:12-cv-14-WTL-WGH |
| ) | |
| UNITED STATES PAROLE ) | |
| COMMISSION, ) | |
| ) | |
| Defendant. ) | |

### ENTRY ON DEFENDANT'S MOTION TO DISMISS AND/OR MOTION FOR SUMMARY JUDGMENT

This cause is before the Court on the motion to dismiss and/or motion for summary judgment filed by the Defendant, United States Parole Commission ("USPC") (dkt. no. 21). The motion is fully briefed, and the Court, being duly advised, **GRANTS** the motion to dismiss for the reasons set forth below. In light of this ruling, the Court **DENIES AS MOOT** the Defendant's alternative motion for summary judgment.

### I.   BACKGROUND

The Plaintiff William J. Varellas is currently incarcerated at the Federal Correctional Institution in Terre Haute, Indiana. In 1986, a jury convicted him of conspiracy to kidnap, interstate travel in aid of racketeering, and the transportation of firearms with intent to commit a felony in violation of 18 U.S.C. §§ 1201(c), 1952(a)(2) and (b)(2), 924(b), 921, and 2. As a result of the convictions, the United States District Court for the Western District of Michigan sentenced Varellas to 150 years in prison. Varellas became eligible for parole on March 27, 1999. On July 13, 1998, Varellas signed a parole application form indicating that he "wished to waive parole consideration" at that time. Varellas has not applied for parole since that date.

Varellas initiated the present litigation against the USPC on January 20, 2012, arguing that the USPC "unlawfully withheld [his] mandate of a parole provision, in accordance with § 235(b)(3) of the Sentencing Act of 1987." Amd. Compl. at 1. He further alleges that the USPC "failed to provide [him] with § 235(b)(3)'s appealable parole provision by the mandated appealable deadline." *Id*. at 2. In short, it appears Varellas wants this Court to order the USPC to set his final release date.

The USPC moves to dismiss Varellas' amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the amended complaint fails to state a claim for which relief can be granted.[1] Alternatively, the USPC moves for summary judgment pursuant to Rule 56. In short, the USPC maintains that it is not required to set a final release date for Varellas until just before the USPC's scheduled abolition. *See* Defendant's Brief at 7. Currently, the USPC is set to remain in existence until October 31, 2014.

## II.   STANDARD FOR MOTION TO DISMISS

In reviewing a Rule 12(b)(6) motion, the Court "must accept all well pled facts as true and draw all permissible inferences in favor of the plaintiff." *Agnew v. National Collegiate Athletic Ass'n,* 638 F.3d 328, 334 (7th Cir. 2012). For a claim to survive a motion to dismiss for failure to state a claim, it must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (omission in original). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Agnew*, 638 F.3d at 334 (citations omitted). A complaint's factual allegations are plausible if

---

[1] Varellas' original complaint was dismissed on April 19, 2012, before an answer or other responsive pleading was filed on the ground that the complaint violated Rule 8 of the Federal Rules of Civil Procedure. Varellas filed his amended complaint on May 2, 2012.

they "raise the right to relief above the speculative level." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 556 (2007).

### III.   DISCUSSION

Varellas is proceeding pro se in this matter. Accordingly this court is required to liberally construe his complaint. *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (quotation marks and citation omitted).

Varellas' amended complaint purports to bring a claim under the Administrative Procedures Act ("APA"), 5 U.S.C. § 702 *et seq*. The APA entitles "a person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action . . . to judicial review thereof." 5 U.S.C. § 702. Additionally, Section 706 of the APA allows a district court to "compel agency action unlawfully withheld or unreasonably delayed." *Id*. at § 706(1); *see Valona v. U.S. Parole Comm'n*, 165 F.3d 508, 510 (7th Cir. 1998) ("APA . . . authorizes district courts to 'compel agency action unlawfully withheld or unreasonably delayed' without the need of a separate action seeking mandamus.") (citation omitted).

First, the USPC argues that "because Varellas seeks an opportunity for earlier release from custody, his claim is one that properly sounds in habeas corpus." Defendant's Brief at 4. Accordingly, this Court should "consider the claim pursuant to 28 U.S.C. § 2241" rather than under the APA. *Id*. Regardless of whether Varellas' amended complaint falls under the APA or 28 U.S.C. § 2241, however, Varellas fails to state a claim for which relief can be granted because Section 235(b)(3) of the Sentencing Reform Act ("SRA") "does not place present obligations on the [USPC]" to set Varellas' final release date. Defendant's Brief at 7.

Congress enacted the SRA in 1984. "Under the SRA, parole was to be abolished, the Parole Commission was to be phased out, and prisoners were to serve uniform sentences under sentencing guidelines." *Bledsoe v. United States*, 384 F.3d 1232, 1233 (10th Cir. 2004). As originally enacted, Section 235(b)(3) provided as follow:

> The [USPC] shall set a release date, for an individual who will be in its jurisdiction the day before the expiration of five years after the effective date of this Act, that is within the range that applies to the prisoner under the applicable parole guidelines. A release date pursuant to this paragraph shall be set early enough to permit consideration of an appeal of the release date, in accordance with Parole Commission procedures, before the expiration of five years following the effective date of this Act.

*Id*. In *Lewis v. Martin*, 880 F.2d 288 (10th Cir. 1989), the court characterized Section 235(b)(3) as

> a "winding-up" provision to ensure that the Parole Commission will set release dates for all prisoners sentenced under the old statutes before it goes out of business on November 1, 1992. The subsection does not require the Commission to take immediate action on the release date of any prisoner. Rather, by its own terms, the subsection requires the Commission to set a release date for any prisoner within its jurisdiction sufficiently before November 1, 1992, to allow him time to appeal the decision.

*Id*. at 290.  Over the years, however, the "winding up" process has been repeatedly postponed by Congress. Most recently, the United States Parole Commission Extension Act of 2011 amended Section 235(b)(3) to read as follow:

> The [USPC] shall set a release date, for an individual who will be in its jurisdiction on the day before the expiration of fifteen years after the effective date of this Act, pursuant to [18 U.S.C. § 4206]. A release date set pursuant to this paragraph shall be set early enough to permit consideration of an appeal of the release, in accordance with Parole Commission procedures, before the expiration of twenty-seven years following the effective date of this Act.

United States Parole Commission Extension Act of 2011, Pub. L. 112-44, 125 Stat. 532, Sec. 2 (codified as amended in 18 U.S.C. § 3551). Pursuant to the most recent amendment, the USPC is set to remain in existence until October 31, 2014.

Accordingly, Varellas fails to state a claim for which relief can be granted because Section 235(b)(3) does not presently require (and has not required since the SRA's inception) that the USPC set his final release date. *See Furnari v. U.S. Parole Comm'n*, 531 F.3d 241, 248-49 (3d Cir. 2008); *Bledsoe*, 384 F.3d 1232, 1237 (10th Cir. 2004); *Romano v. Luther*, 816 F.2d 932, 840 (7th Cir. 1987). If Varellas would like an opportunity to be considered for parole, he should complete a parole application form and submit it to the USPC.

## IV.  CONCLUSION

For the reasons set forth above, the Defendant's motion to dismiss is **GRANTED** and the Plaintiff's amended complaint is **DISMISSED WITH PREJUDICE**.[2] In light of the foregoing, the Court **DENIES AS MOOT** the Defendant's alternative motion for summary judgment.

SO ORDERED: 02/12/2013

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copy by US Mail to:**

**William J. Varellas**
**#05724-040**
**Terre Haute Federal Correctional Institution**
**Inmate Mail/Parcels**
**P.O. Box 33**
**Terre Haute, IN 47808**

Copies to all counsel of record via electronic communication.

---

[2] Although district courts generally dismiss a plaintiff's complaint without prejudice and give the plaintiff at least one opportunity to amend his complaint, *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008), this Court dismisses plaintiff's amended complaint with prejudice because, as a matter of law, Varellas is not currently entitled to a decision regarding his parole, and therefore, no amendment could cure the defect in his amended complaint.